IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONALD RAGLIN                                                                                           PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 3:12-cv-00543-DPJ-FKB

MSJ TRUCKING, INC., GEORGE M. BRYANT
AND JOHN DOES 1-3                                                                                  DEFENDANTS

**MSJ TRUCKING, INC. AND GEORGE M. BRYANT'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO
<u>GEORGE M. BRYANT'S LOG BOOKS</u>**

COME NOW Defendants, MSJ Trucking, Inc. and George M. Bryant, by and through counsel, and files this their Motion to Exclude Evidence Related to George M. Bryant's log books and would show unto the Court as follows to wit:

1.

This action arises out of an automobile accident that occurred on December 7, 2010. Plaintiff Donald Raglin and Defendant George Bryant were involved in a collision on Highway 49 in Rankin County, Mississippi.  Bryant was operating a commercial vehicle subject to the Federal Motor Carrier Safety Regulations.  Ahead of Raglin a truck pulling a trailer stopped in the lane of travel to make a right hand turn.  Raglin stopped his vehicle but Bryant was unable to stop and collided with the rear of the vehicle driven by Raglin.  As a result of the collision, Raglin is alleged to have sustained personal injuries.

2.

Donald Raglin filed his Complaint in this matter on July 27, 2012 and alleged that he sustained injuries as a result of the subject collision due to Bryant's negligence.

3.

Plaintiff has indicated that he will seek to offer George M. Bryant's driver logs into evidence as well as testimony regarding Mr. Bryant's alleged falsifying his driver log books.

4.

Defendants respectfully request that this Court enter an Order excluding all evidence of Mr. Bryant's log-books be excluded on the grounds that they are not relevant. Furthermore, any probative value the admission of this evidence and testimony regarding the log entries would be outweighed by its prejudice to the Defendants. Fed. R. Evid. 403.

5.

There is simply no evidence that Mr. Bryant's drove his tractor trailer in excess of the time allowed by the Federal Motor Carrier Safety Regulations. It is undisputed that Mr. Bryant did not receive any violation by an enforcement officer as a result of any log-book entries. In fact, Plaintiff has not made any allegation that Mr. Bryant was in any way fatigued at the time of the collision.

6.

Admission of the log-books and any testimony regarding the entries would allow in effect sidestep the law regarding proximate cause of an accident in favor of potentially allowing the jury to formulate an opinion based on strict liability. This would result in prejudice to the Defendants, and such evidence and testimony should be excluded. *Utz v. Running & Rolling Trucking, Inc.*, 32 So. 3d 450 (Miss. 2010).

7.

Any testimony or evidence regarding the entries in the driver log which would insinuate that Bryant somehow violated the Federal Motor Carrier Safety regulations would be prejudicial to the

Defendant.  There must be some connection between the alleged log book violations and the accident.  There simply is not, and allowing the log entries and any testimony regarding perceived violations would prejudicial to the Defendants.

8.

For the foregoing reasons, the Defendants respectfully request the Court enter an Order prohibiting Plaintiff from offering, or attempting to offer any Bryant's log books or any testimony regarding the entries therein at trial.  Specifically that any such testimony that the purported violations was the cause of the subject accident.

9.

Due to the nature of this Motion, the Defendants respectfully request that the requirement of a separate memorandum of authorities be waived.

WHEREFORE, PREMISES CONSIDERED, Defendants MSJ Trucking Inc., and George Bryant, respectfully requests that this honorable Court grant its motion to exclude Bryant's log books and any testimony that there is a connection between the entries therein and the subject collision.

RESPECTFULLY SUBMITTED, this the  2nd  day of December, 2013.

                                            **MSJ TRUCKING, INC. AND**
                                            **GEORGE M. BRYANT, DEFENDANTS**

BY:    S\ *Kristi R. Brown*
           OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, I electronically filed the foregoing *MSJ Trucking, Inc. and George M. Bryant's Motion in Limine to Exclude Evidence Related to George M. Bryant's Log Books* with the Clerk of the Court using the ECF system which sent notification to such filing to the following:

J. Ashley Ogden, Esq.
Wendy M. Yuan, Esq.
Ogden Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, MS 39201
*ashleyogden@aol.com*
*wendy@ogdenandassoc.com*

THIS, the  2nd  day of December, 2013.

                                             S\ *Kristi R. Brown*
                                             OF COUNSEL

EDWARD C. TAYLOR - BAR #9043
etaylor@danielcoker.com
KRISTI ROGERS BROWN - BAR #101989
kbrown@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE:   (228) 864-8117
FACSIMILE:     (228) 864-6331
4229-125662