UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONALD RAGLIN                                                                                                PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:12-cv-543-DPJ-FKB

MSJ TRUCKING, INC., et al                                                                             DEFENDANTS

ORDER

This negligence action is before the court on Defendants' Motion to Exclude Expert Opinion Testimony of Dane Maxwell [50] and Motion in Limine to Exclude Evidence Related to George M. Bryant's Log Books [63]. The Court, having considered the memoranda and submissions of the parties along with the pertinent authorities, and having discussed the motions with counsel at the pretrial conference, finds that both motions should be granted.

I.      Facts and Procedural History

This cases arises from a December 7, 2010 traffic accident on Highway 49 in Rankin County, Mississippi. Defendant George M. Bryant was driving a commercial truck and rear-ended Plaintiff Donald Raglin's vehicle which had stopped to make a right turn. Bryant was operating the vehicle in the scope of his employment by Defendant MSJ Trucking, Inc. Raglin alleges he suffered injuries from the collision and filed a complaint on July 27, 2012, alleging negligence. Raglin designated Dane Maxwell as an expert witness. Defendants moved to exclude his testimony under Federal Rule of Evidence 702. Defendants also moved to exclude evidence that Bryant committed various log book violations.

II.     Standard

The district court fulfills a gatekeeper function to exclude irrelevant or unreliable expert testimony. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 & n.7 (1993). This function

begins with Rule 702 of the Federal Rules of Evidence, which regulates admission of expert testimony. The rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Whether a proposed expert should be permitted to testify under Rule 702 "is case, and fact, specific." *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006) (citation omitted). Thus, the district court retains "'broad latitude' both in deciding how to determine whether an expert's testimony is reliable, and ultimately, whether the testimony is, in fact, reliable." *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999)). "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The gatekeeper function of the district court does not, however, replace trial on the merits. In performing this function, the district court should approach its task "with proper deference to the jury's role as the arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

III.     Analysis

Defendants seek to exclude Maxwell's testimony because it is unreliable and irrelevant, will not assist the trier of fact, and Maxwell is not qualified to give the proposed opinion. According to Maxwell's Opinion Report and Plaintiff's Designation of Expert Witnesses, he intends to testify that Bryant committed various violations of the Federal Motor Carrier Safety Regulations (FMCSR).  His opinion is that these violations caused the traffic accident because based on the violations, MSJ should have placed Bryant "out of service" and he should not have been driving at the time of the accident.  Raglin also offers Maxwell to testify that Bryant manipulated log books to hide excessive speed, and had he driven slower on earlier legs of the trip he would not have been at the scene of the accident when Raglin arrived.[1]

Though the parties spend considerable time on qualifications and methodology under Rule 702, the Court concludes that the opinions lack relevance and are not admissible under Federal Rules of Evidence 401, 402, or 403.  In general terms, the various FMCSR violations upon which Maxwell relies were not the proximate cause of the accident.  Maxwell's testimony is therefore inadmissible because it supports a legal theory that is invalid as a matter of Mississippi law.

The Mississippi Supreme Court has consistently observed that proximate cause has two components:

> Proximate cause requires the fact finder to find that the negligence was both the cause in fact and the legal cause of the damage.  "Cause in fact" means that, but for the defendant's negligence, the injury would not have occurred . . . .  Once cause in fact is established, the defendant's negligence will be deemed the legal

---

[1] This argument is a non-starter and will not be discussed.  Driving too fast or too slow *earlier* in a trip such that it changes your location is not proximate cause.

3

>  cause so long as the damage "is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act."

*City of Jackson v. Spann*, 4 So. 3d 1029, 1033 (Miss. 2009) (internal citations omitted).

Imposing liability for FMCSR violations under the theory that the truck or driver would not have been on the road at all removes legal cause from the equation and imposes strict liability. The Mississippi Supreme Court addressed that issue in *Utz v. Running & Rolling Trucking, Inc.*, where the plaintiff contended that the tractor-trailer involved in a fatal wreck lacked reflective tape as arguably required by the FMCSR. 32 So. 3d 450, 462–63 (Miss. 2010). There, like here, the plaintiff claimed that the truck should have been "out of service at the time of the collision" due to the violation and therefore proximately caused the accident, but the trial court rejected that argument. *Id*. at 464–65. The Mississippi Supreme Court affirmed, concluding that plaintiff's argument would amount to strict liability because it removes proximate cause as a necessary element. *Id*. at 466 ("This Court requires that in order to incur liability when a party is negligent, that negligence also must be the proximate cause of the injury.").

The *Utz* opinion addressed another issue that is also relevant to Raglin's arguments here. Utz argued "that the trial court erred by excluding evidence of [defendant's] carrier rating," contending that the evidence proved a pattern and practice of not following the FMCSRs and that the failure to follow FMCSRs proximately caused the accident. *Id*. at 462. Again the court disagreed, this time noting the lack of evidence linking the alleged violations to the cause of the accident. *Id*.

The Mississippi Court of Appeals reached a similar result in *Knox v. Mahalitc*, where the parties disputed whether the defendant had a duty to properly equip a trailer. 105 So. 3d 327, 329 (Miss. Ct. App. 2011). The Court, citing *Utz* and other authority, held, "[W]e find that we need not reach the question of whether Mahalitc had a duty to properly equip the trailer, because the Knoxes have failed to raise a genuine issue of material fact regarding whether the vehicle's equipment (or lack thereof) was a proximate cause of the accident. No evidence whatsoever was presented to suggest that Yolanda would not have hit McCoy's trailer had it been equipped differently." *Id.*

*Utz* and *Mahalitc* properly frame the issue in this case. Merely arguing that an accident would not have occurred had the vehicle or driver been taken out of service does not satisfy the plaintiff's burden of showing legal cause—even when the alleged violation is directly linked to the actual cause of the accident (*e.g.*, the lack of reflective tape in *Utz*). This case is even further removed form legal cause because there is no apparent nexus between the conduct involved in the alleged log book violations and the actions that resulted in the wreck. *See, e.g.*, *Utz*, at 462 (affirming exclusion of evidence regarding pattern and practice of unrelated violations); *Mahalitc*, 105 So. 3d at 329 (finding no proximate cause where violations did not relate to cause of accident).

Because Raglin's causation theories fail as a matter of Mississippi law, they are not relevant under Rule 401, and Maxwell cannot offer testimony regarding them under Rule 702 because it will not assist the jury. Given the lack of probative value and obvious risk of unfair prejudice and confusion, the Court would likewise exclude the testimony under Rule 403.

Finally, for these same reasons, the Court concludes that the log books should not be admitted. Defendants' motion in limine [63] is therefore granted.

IV.     Conclusion

Based on the foregoing, the Court finds that Defendants' motion to exclude the testimony of Dane Maxwell [50] and motion in limine [63] should be granted.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE